UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA SMITH, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>APRIA HEALTHCARE LLC,<br><br>    Defendant. | Case No. 1:23-cv-01003-JPH-KMB |

**PLAINTIFF CUYLE'S MOTION TO INTERVENE TO RESPOND TO MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

  Suzanne Cuyle, plaintiff in the related case, *Cuyle v. Apria Healthcare, LLC*, 23-cv-01042 (S.D. Ind.), respectfully moves pursuant to Federal Rule of Civil Procedure 24 to intervene in this action to respond to Plaintiff Lisa Smith's Motion to Appoint Counsel as Interim Class Counsel ("Motion to Appoint Class Counsel"), ECF No. 13. In support of this motion, Plaintiff Cuyle states as follows:

  1. On June 15, 2023, undersigned counsel filed a Complaint on behalf of Plaintiff Suzanne Cuyle and a putative Class in *Cuyle v. Apria Healthcare, LLC*, No. 23-cv-01042-JPH-KMB (S.D. Ind.) ("*Cuyle*"), alleging that defendant Apria Healthcare, LLC ("Apria") failed to safeguard Plaintiff Cuyle and nearly 2 million putative Class members' personally identifiable information ("PII") and protected health information ("PHI"), and that Apria wrongfully waited years to notify Plaintiff Cuyle and putative Class members that their PII and PHI had been compromised.

  2. Plaintiff Cuyle's Complaint is one of several related cases filed in this District against Apria alleging similar claims arising from Apria's data breach. The other related cases

include: *Lisa Smith, et al. v. Apria Healthcare LLC*, No. 23-cv-01003-JPH-KMB ("*Smith*"), *Robert N. Herrera vs. Apria Healthcare LLC*, No. 23-cv-01031-JPH-KMB ("*Herrera*"), *Rita May v. Apria Healthcare LLC*, No. 23-cv-01072-JPH-KMB ("*May*"), *Chad Hohenberry v. Apria Healthcare LLC*, No. 23-cv-01074-JPH-KMB ("*Hohenberry*"), *Victoria Thomas v. Apria Healthcare LLC*, No. 23-cv-01096-JPH-KMB ("*Thomas*"), *Paul Kramer v. Apria Healthcare LLC*, NO. 23-cv-01066-JPH-KMB ("*Kramer*"), and *Leonardo DePinto v. Aprial Healthcare LLC*, No. 23-cv-01056-JPH-KMB ("*DePinto*") (collectively, with *Cuyle*, "Related Actions").

3.  On June 16, 2023, Plaintiff Cuyle and the other plaintiffs in the first four filed Related Actions filed a Motion to Consolidate Cases and Set Scheduling Deadlines ("Motion to Consolidate") requesting that the first four filed Related Actions and any subsequent related actions be consolidated before this Court and that motions to appoint interim class counsel be filed within five days after the date the Court enters its order on the Motion to Consolidate. *See* ECF Nos. 9-10. Undersigned counsel and *Smith*[1] Counsel agreed to this approach as a reasonable and efficient means of moving this action forward in a cooperative manner.

4.  However, on June 29, 2023, thirteen days after they filed the Motion to Consolidate and a mere two days after the case was reassigned to this Court, *Smith* Counsel prematurely filed its Motion to Appoint Class Counsel. Despite the previous cooperative efforts of our firms and *Smith* Counsel, and the notable fact that the Motion to Consolidate is still pending, *Smith* Counsel moved to be appointed as Interim Class Counsel in advance of the schedule they proposed.

5.  Undersigned counsel intends to oppose *Smith* Counsel's Motion to Appoint Class Counsel and move to be appointed Interim Class Counsel at the appropriate time. As an initial

---

[1] Counsel that filed the Motion to Appoint Class Counsel represent Plaintiffs Lisa Smith, Elisa Stroffolino, Robert N. Herrera, Leonardo DePinto, Anthony Boyd and Paul Kramer. Counsel that filed the Motion to Appoint Class Counsel includes Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Lynn A. Toops of Cohen & Malad, LLP, M. Anderson Berry of Clayeo C. Arnold, APC, Kaleigh N. Boyd of Tousley Brain Stephens PLLC, Mason A. Barney of Siri & Glimstad, LLP, Stephen R. Basser of Barrack, Rodos & Bacine, and as Kathleen A. DeLaney of DeLaney & DeLaney LLC (collectively referred to herein as "*Smith* Counsel").

matter, investigation of this matter began as soon as Apria's data breaches were announced on May 22, 2023, this included interviewing multiple consumers potentially impacted by the data breaches and thoroughly vetting potential clients to ensure that the putative Class is well represented.

6. Undersigned counsel is extremely well qualified to represent the putative Class as Kessler Topaz Meltzer & Check LLP ("Kessler Topaz") is one of the nation's largest firms specializing in the prosecution of complex class action litigation, with nearly 100 attorneys, and offices on both coasts. Kessler Topaz has recovered billions of dollars for clients and the classes they represent, including large recoveries in data breach litigation. *See, e.g.*, *In re Target Data Breach*, No. 0:14-md-2522 (D. Minn.) (Kessler Topaz served on Plaintiffs' Leadership Committee, taking an active role in the litigation which led to a $39 million settlement). Additionally, Kessler Topaz has a history of working cooperatively and constructively with co-counsel on behalf of the classes we represent. William Riley of RileyCate, LLC has a history of litigating class issues beginning with the litigation against the tobacco companies for the State of California, through representing third-party payors in multiple federal MDLs, including leadership positions in *In re Bextra and Celebrex Prod. Liab. Litig.*, MDL No. 1699 ($89 Million recovery) and in *In re: VIOXX Prod. Liab. Litig.*, MDL No. 1657 ($65 Million recovery).

7. Under Federal Rule of Civil Procedure 24(a)(2), a litigant may intervene as of right if it can satisfy four requirements: (i) the application to intervene must be timely; (ii) the applicant must have an interest in the subject matter of the action; (iii) the applicant must show that disposition of the action may impede the applicant's ability to protect that interest; and (iv) the applicant's interest must not be adequately represented by existing parties to the litigation. *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995); *SEC v. Salis*, No. 2:16-cv-231, 2016 WL 7239916, at *2 (N.D. Ind. Dec. 14, 2016).

8. Alternatively, Rule 24(b)(1)(B) permits a timely applicant to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common." *Schipporeit*, 69 F.3d at 1381. District Courts in this Circuit have construed Rule 24 "liberally," resolving doubts "in favor of allowing intervention." *See, e.g.*, *Michigan v. U.S. Army Corps of Engineers*, No. 10-cv-4457, 2010 WL 3324698, at *2 (N.D. Ill. Aug. 20, 2010).

9. Here, Plaintiff Cuyle's intervention should be granted under either provision of Rule 24. Intervention as a matter of right is appropriate because it is being requested just four (4) days after *Smith* Counsel filed the Motion to Appoint Class Counsel and is therefore timely; Plaintiff Cuyle has an interest in the subject matter of the action, as even *Smith* Counsel purports to (wrongfully) make the request for appointment of lead counsel on Plaintiff Cuyle's behalf (*see* ECF No. 13, at 3 ("Plaintiffs Lisa Smith,. . .Suzanne Cuyle . . . hereby move the Court under Rule 23(g)(3) of the Federal Rules of Civil Procedure for an Order designating . . . )); and disposition of the action without intervention may impede Plaintiff Cuyle's ability to protect her and the putative Class' interest. Further, Plaintiff Cuyle and the putative Class' interest would not be adequately represented without intervention. Indeed, even *Smith's* Counsel as part of the Motion to Consolidate previously recognized that the proposed briefing schedule for appointment of lead counsel was appropriate when they filed the Motion to Consolidate. Permissive intervention is appropriate for the same reasons.

10. Undersigned counsel stand by the requests set forth in the previously agreed to Motion to Consolidate, and requests that the Court set a briefing schedule for leadership applications after it has had sufficient time to consider and rule on the Motion to Consolidate.

11. As contemplated when that motion was filed, proceeding under a briefing schedule set by the Court will be the most efficient way to ensure that the most appropriate and well-suited

Interim Class Counsel will be appointed by the Court to represent the Class pursuant to Federal Rule of Civil Procedure 23(g)(3).

                                                Respectfully Submitted,

Dated: July 3, 2023                   By: */s/ William N. Riley*
                                            William N. Riley (#14941-49)
                                            Russell B. Cate (#27056-29)
                                            Sundeep Singh (#36591-29)
                                            **RILEYCATE, LLC**
                                            11 Municipal Dr., Suite 320
                                            Fishers, IN 46038
                                            Tel: (317) 588-2866
                                            Fax: (317) 458-1785
                                            wriley@rileycate.com
                                            rcate@rileycate.com
                                            ssingh@rileycate.com

                                            Joseph H. Meltzer
                                            Melissa L. Yeates
                                            Tyler S. Graden
                                            Jonathan F. Neumann
                                            Jordan E. Jacobson
                                            Varun Elangovan
                                            **KESSLER TOPAZ**
                                              **MELTZER & CHECK, LLP**
                                            280 King of Prussia Road
                                            Radnor, PA 19087
                                            Tel: (610) 667-7706
                                            Fax: (610 667-7056
                                            jmeltzer@ktmc.com
                                            myeates@ktmc.com
                                            tgraden@ktmc.com
                                            jneumann@ktmc.com
                                            jjacobson@ktmc.com
                                            velangovan@ktmc.com

                                            *Attorneys for Plaintiff Cuyle*
                                            *and the putative Class*