UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA SMITH, on behalf of herself and all others similarly situated, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>APRIA HEALTHCARE LLC,<br><br>      Defendant. | No. 1:23-cv-01003-JPH-KMB |

**ORDER APPOINTING INTERIM CLASS COUNSEL**

In multiple lawsuits, Plaintiffs have sued Apria Healthcare, LLC alleging that it failed to secure their personally identifiable information ("PII") and personal health information ("PHI"), and thereafter failed to provide them timely notice of data breaches. *See, e.g.,* Dkt. 6 at ¶¶ 1, 3-4. Plaintiffs allege that 1.8 million individuals have been affected by the data breaches, and thus, the complaints have been filed as a class action. *See, e.g., id.* at ¶ 116. After several related cases were consolidated, two groups of attorneys, one representing Lisa Smith and the other representing Suzanne Cuyle, submitted competing motions for interim class counsel appointment. Dkt. [13], [25].

For the reasons below, the Court **GRANTS** Ms. Smith's counsel's motion, dkt. 13, **DENIES** Ms. Cuyle's Cross-Motion, dkt. 25, and appoints Ms. Smith's counsel as Interim Class Counsel.

**I.
Background**

1

Ms. Smith filed a class action complaint on behalf of 1.8 million individuals allegedly impacted by Apria's data breaches. Dkt. 1. *See also* dkt. 6. Ms. Smith alleges that Apria failed to secure Plaintiffs' personal identifiable information ("PII") and personal health information ("PHI") and thereafter failed to provide timely notice after Apria suffered data breaches in 2019 and 2021 (collectively, the "data breaches"). Dkt. 6. Later, 13 related cases were consolidated into Ms. Smith's case. Dkt. 44.[1] These consolidated actions allege many of the same claims as Ms. Smith's Complaint, including: (1) negligence, (2) negligence *per se*, (3) breach of contract, (4) breach of implied contract, (5) invasion of privacy, (6) unjust enrichment, (7) breach of fiduciary duty, (8) breach of confidence, (9)-(12) California and Illinois state law claims, and (13) claim for declaratory judgment against the defendant. *See, e.g., Smith v. Apria Healthcare*, No. 1:23-cv-01003-JPH-KMB, dkt. 6 at ¶¶ 124-283.

Ms. Smith, along with other plaintiffs, moved to appoint Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg") and Lynn A. Toops of Cohen & Malad, LLP as interim class counsel. *See* dkts. 13, 14. Their motion further asks the Court to appoint Kathleen A. DeLaney as Interim Liaison Counsel and to create a four-attorney executive committee consisting of M. Anderson Berry of Clayeo C. Arnold, APC; Kaleigh N. Boyd of Tousley Brain Stephens PLLC; Mason A. Barney of Siri & Glimstad, LLP; and Stephen R. Basser of Barrack, Rodos & Bacine. *Id.* (collectively "Smith Counsel").

---

[1] There's also a California case against Apria based on the same data breaches, *Geller v. Apria Healthcare LLC*, No. CVMV2303150 (Cal. Sup. Ct. Riverside June 21, 2023). Dkt. 26 at 4 n. 2.

2

Smith Counsel's proposed interim class counsel—Mr. Klinger and Ms. Toops—have "successfully litigated contested class certifications in privacy cases at the federal district court level" and, taking their experience together, have settled "more data breach cases on a class wide basis, including numerous data breach cases involving protected health information, than any other attorneys in the country over the past 3 years."  Dkt. 26 at 2.  Their proposal commits resources, finances, and attorneys from both firms to adequately support this litigation.  *Id.*  Additionally, counsel from 12 of the 15 cases support Smith Counsel's motion and the proposed structure.  Dkt. 26 at 3.

Ms. Cuyle has filed a motion to appoint Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and RileyCate, LLC as interim class counsel.  Dkt. 25 (collectively "Cuyle Counsel").  Cuyle Counsel proposes using its 100 attorneys, ample resources, and finances to support this lawsuit.  Dkt. 25-1 at 22, 30.  Cuyle Counsel have complex class action litigation experience in Indiana's state and federal courts as well as experience in consumer litigation.  Dkt. 25-1 at 19, 21–30.  Kessler Topaz has been a member of the plaintiffs' leadership committee in another data breach case.  Dkt. 25-1 at 23–24; *see In re Target Corp. Data Sec. Breach Litig.*, No. 0:14-md-2522 (D. Minn.).  And William Riley of RileyCate, LLC has broad complex litigation experience as well as experience litigating torts related to the disclosure of private health information in Indiana specifically.  Dkt. 25-1 at 19-22, 34.

Defendant Apria has not filed any response to Plaintiffs' motions for appointment of interim class counsel.

## II.
## Applicable Law

In a class action, a court may appoint interim class counsel before reaching the merits of class certification. Fed. R. Civ. P. 23(g)(3). Appointments for interim class counsel are governed by the same criteria as appointments for class counsel—Rule 23(g)(1)(A). *Walker v. Discover Fin. Servs.*, No. 10-CV-6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011). Rule 23(g)(1)(A) requires that the court consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class;

Also, the court has the discretion to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). No single factor is dispositive, and all factors should be considered. Fed. R. Civ. P. 23 advisory committee's notes to 2003 amendment. *See also* MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.272 (2004).

# III.
# Analysis

## A. Investigation of Claims and Resources

Rule 23(g)(1)(A)(i) and (iv) require courts to consider counsel's investigation of the claims in the action and the resources that counsel will commit to the action.  Here, Smith Counsel and Cuyle Counsel are comparable in this regard as both have done significant work "identifying or investigating potential claims in the action."  *Compare* dkt. 14 at 7-8 (listing counsel's investigatory efforts) *with* dkt. 25-1 at 20-21 (listing nearly identical investigatory efforts).  Moreover, both firms appear to have roughly similar, and ample, resources.  *Compare* dkt. 14 at 9 (more than 120 attorneys), 21-22 *with* dkt. 25-1 at 22 ("nearly 100 attorneys"), 30.  Both sets of counsel appear to meet the criteria under Rule 23(g)(1)(A)(i) and (iv).

## B. Experience and Knowledge of Applicable Law

Rule 23(g)(1)(A)(ii) and (iii) require courts to consider counsel's experience with class actions, complex litigation, the types of claims asserted, as well as counsel's knowledge of the applicable law.

Smith Counsel's Gary Klinger has extensive "experience handling data security and data privacy cases," having served as "lead counsel in several of the largest privacy class actions in the country."  Dkt. 14 at 10-11.  He has settled more than forty privacy class actions as lead or co-lead counsel, most of which were data breaches.  *Id.* at 10.  His experience includes work on cases involving the disclosure of protected health information by HIPAA covered entities, and he has served as class counsel in "over thirty" such cases.  Dkt.

5

26 at 10.  He also is pursuing his LLM in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law and is a Certified Information Privacy Professional (CIPP/US).  Dkt. 14 at 12.

Lynn A. Toops's experience in data breach and privacy matters is also extensive.  She is "currently litigating dozens of actions challenging inadequate cybersecurity protocols that resulted in the unauthorized access . . . of highly sensitive data" and serves as "sole lead counsel in other data breach and privacy class actions."  Dkt. 14 at 13; dkt. 26 at 12-13.

Cuyle Counsel also have strong credentials, dkt. 25-1 at 21-30; dkt. 26 at 7, but the nature and scope of their experience for this specific type of case does not match that of Smith Counsel.  Cuyle Counsel references only one data breach class action where Kessler Topaz was a member of the plaintiffs' leadership committee.  Dkt. 25-1 at 23-24 (citing *In re Target Data Breach*, No. 0:14-md-2522 (D. Minn.)).  Regarding PHI disclosure, Mr. Riley has strong experience, having recently litigated the issue before the Indiana Supreme Court.  Dkt. 25-1 at 34.  *See also Cmty. Health Network, Inc. v. McKenzie*, 185 N.E.3d 368 (Ind. 2022).  However, Mr. Klinger and Ms. Toops have handled "dozens" of medical data breach cases in Indiana and in other states.  Dkt. 26 at 8, 10-14.  Their cumulative experience, particularly in the context of *data breaches* involving PHI as opposed to other types of unauthorized disclosure of PHI, makes them particularly qualified to represent the prospective class.

Both Smith and Cuyle Counsel have experience litigating in the Southern District of Indiana.  *See* dkt. 25-1 at 28-29; dkt. 26 at 16-18.  While Cuyle

6

Counsel have experience in many fields of complex litigation, including antitrust, healthcare, and products liability, dkt. 25-1 at 21-30, the Court must select the counsel that is "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Smith Counsel's considerable experience with privacy and data breach cases supports their selection as interim class and liaison counsel. *In re: Generac Solar Power Sys. Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 23-MD-3078, 2023 WL 5878523, at *2 (E.D. Wis. July 18, 2023) (appointing interim counsel that had "experience with complex litigation that is close to the subject matter of the present suit").

### C. Other Factors

Rule 23(g) grants courts discretion to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Court considers Smith Counsel's "demonstrated ability to work cooperatively with additional counsel in these consolidated actions."[2] *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 290 (N.D. Ill. 2014). Here, Smith Counsel's ability to effectively collaborate with other counsel is evident from the support of most of the named plaintiffs in this action. Dkt. 26 at 5 ("Smith Plaintiffs have obtained support from additional related actions for the proposed leadership structure, totaling 12 of the 15

---

[2] Cuyle Counsel highlights Mr. Riley's previous, productive work with Apria's counsel in other litigation. Dkt. 25-1 at 32. While this factor weighs very slightly toward the Cuyle Counsel, both Smith and Cuyle Counsel are working with Apria's counsel on case management issues, dkt. 25-1 at 32; dkt. 26-3, and Apria has not filed any response to the motions for interim class appointment.

cases against Apria."). This further supports Smith Counsel's selection as interim class counsel.

Cuyle Counsel criticizes Smith Counsel's interim proposal of two class counsel, one liaison counsel, and a four-attorney executive committee as inefficient and likely to result in duplicated work. Dkt. 25-1 at 33-34. Smith Counsel responds that it will "work collaboratively to control costs and avoid duplication." Dkt. 26 at 15. That commitment will serve the class members— and ultimately the Court will award only "reasonable" attorney's fees should the class be certified. Fed. R. Civ. P. 23(h).[3] Also, the Court will direct Magistrate Judge Barr to establish procedures as this case progresses to proactively manage fee-related issues. *See* Fed. R. Civ. P. 23(h); Fed. R. Civ. P. 54(d)(2)(D).

On balance, under the factors in Federal Rule of Civil Procedure 23(g)(1), Smith Counsel are "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

## IV.
## Conclusion

Smith Counsel's motion for appointment for interim class counsel, liaison counsel, and its proposed executive committee is **GRANTED**. Dkt. [13]. The Court **DENIES** Plaintiff Cuyle Counsel's Cross-Motion for Interim Class Counsel. Dkt. [25].

---

[3] The Seventh Circuit requires that district courts "do their best to award counsel the *market price* for legal services." *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825, 832–33 (7th Cir. 2018) (quoting *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001)) (emphasis added).

**SO ORDERED.**

Date: 9/26/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.