UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA SMITH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:23-cv-01003-JPH-KMB |
| ) | |
| APRIA HEALTHCARE LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL STAY OF PROCEEDINGS

Presently pending before the Court is Defendant Apria Healthcare LLC's ("Apria") Motion for a Partial Stay of Proceedings. [Dkt. 97.] Apria seeks to stay discovery and case management deadlines for the claims brought by eighteen of the twenty-one named Plaintiffs in this putative class action until the Court rules on its Motion to Partially Dismiss and Compel Arbitration. For the reasons explained below, Apria's Motion is **GRANTED**.

### I. BACKGROUND

This lawsuit arises from a data breach of Apria's systems by an unauthorized third party. [Dkt. 52 at 2.] After many separate lawsuits were filed in this District naming Apria as the Defendant for its alleged role in the data breach, the Court consolidated the lawsuits into this action and directed the Plaintiffs to file an Amended Complaint. [Dkt. 44.]

The Amended Complaint was filed on October 23, 2023. [Dkt. 52.] It lists twenty-one named Plaintiffs seeking to bring claims on behalf of themselves, a nationwide class, and several state subclasses. [Dkt. 52.] The Amended Complaint alleges facts about Apria's role in the data breach and failure to notify its customers in accordance with the law. [*Id.*] Based on these allegations, the Amended Complaint lists twelve sets of state tort claims under theories of

negligence, breach of contract, bailment, breach of fiduciary duty, breach of confidence, conversion, invasion of privacy, and unjust enrichment. [*Id.* at ¶¶ 430-635.] It also lists claims under the Indiana Deceptive Consumer Sales Act and consumer protection laws of California, Illinois, Washington, Missouri, and New York. [*Id.* at ¶¶ 636-748.] Finally, the Amended Complaint seeks relief under the federal Declaratory Judgment Act. [*Id.* at ¶¶ 749-60.]

On November 30, 2023, the Court held a Scheduling Conference and accepted the Parties' Joint Case Management Plan as amended. [Dkts. 56, 57.] On December 13, 2023, Apria filed a Motion to Dismiss the claims of all but three of the Plaintiffs under Federal Rule of Civil Procedure 12(b)(3) based on allegedly binding arbitration agreements. [Dkt. 59.] The Parties agree that the only Plaintiffs who are not subject to Apria's dismissal motion are Dottie Nikolich, Sabrina Munoz, and Hilary French. [*Id.* at 1 n.1; dkt. 102 at 3.] The Motion to Dismiss is fully briefed and is pending before the Court. [*See* dkts. 92; 101.]

On February 23, 2024, Apria filed a Motion for a Partial Stay of Proceedings until the Court rules on its pending Motion to Dismiss. [Dkt. 97.] The Motion for a Partial Stay is fully briefed and ripe for review. [*See* dkts. 102; 103; 105; 107.]

## II.  LEGAL STANDARD

District Courts have inherent power to control their dockets and enjoy broad discretion in determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). "A stay of discovery is often appropriate where a pending dispositive motion can resolve the case and where requested discovery is unlikely to produce facts necessary to defeat the motion." *Soares v. Meeks*, 2021 WL 5748438, at *2 (S.D. Ind. Oct. 4, 2021) (cleaned up). The Court considers three factors when assessing a motion to stay: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and

2

streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Ogungemi v. Omnicare, Inc.*, 2023 WL 2139834, at *1 (S.D. Ind. 2023).

### III. DISCUSSION

Apria argues that a partial stay is appropriate in light of the strong federal policy in favor of arbitration. [Dkt. 97 at 2.] It points out that this case is still in its early stages and that only preliminary discovery has been exchanged so far, which Apria argues belies any claims of undue prejudice or tactical disadvantage. [*Id.* at 2-3.] It cites previous district court orders that stayed discovery while a motion to dismiss and compel arbitration was pending and argues that staying proceedings in this case until the arbitration issue is resolved will simplify the proceedings. [*Id.* at 4-5.] Apria also argues that a partial stay is necessary to ensure that it receives the benefit of the arbitration agreements it entered into with eighteen of the Plaintiffs. [*Id.* at 5-6.]

The Plaintiffs oppose Apria's Motion for a Partial Stay. [Dkt. 102.] They fault Apria for waiting to file this motion for more than five months after the Court consolidated this lawsuit and argue that Apria's Motion to Dismiss and Motion for a Partial Stay are improper delay tactics. [*Id.* at 1-2.] They attempt to distinguish previous cases where stays were granted during the pendency of a motion to dismiss and compel arbitration, emphasizing that a full stay was granted in those cases but in this case, at most a partial stay is appropriate since the Motion to Dismiss would not resolve any of the claims of three Plaintiffs. [*Id.*] They also note that the State of Indiana, through its Attorney General, has recently filed a separate lawsuit against Apria, which the Plaintiffs claim further "highlight[s] Apria's several-year delay in responding to its data breaches." [*Id.* at 6.]

Apria replies that by granting its Motion for a Partial Stay, the Court will protect Apria's bargained-for interests in the arbitration agreements it reached with eighteen of the named

3

Plaintiffs without prejudicing the interests of the remaining three Plaintiffs who are not subject to the Motion to Dismiss. [Dkt. 103 at 2.] Apria also disputes the Plaintiffs' characterization of its motion as an improper delay tactic and states that it merely seeks "to preserve resources and reduce the burden of litigation on the parties and the Court." [*Id.* at 2.]

After briefing on this motion closed, the Plaintiffs filed a Notice informing the Court that the State of Indiana, through its Attorney General, has filed a lawsuit against Apria over the same data breaches that are the subject of this lawsuit. [Dkt. 105 (citing *State of Indiana ex rel. Rokita v. Apria Healthcare, LLC*, No. 1:24-cv-00377-JRS-KMB (S.D. Indiana)).] This is the same lawsuit that the Plaintiffs had already alerted the Court to in its response brief in opposition to the motion for a partial stay. [*Compare id. with* dkt. 102 at 6.] The Plaintiffs argue that "[t]he AG's lawsuit weighs further in favor of denying Apria's Motion to Dismiss and Motion to Stay. Apria's Motion to Dismiss and Motion to Stay are transparent delay tactics that should be ignored by the Court." [Dkt. 105 at 2.]

The Court permitted Apria to respond to the Plaintiffs' Notice. [Dkt. 106.] In response, Apria argues that "the Indiana AG lawsuit does not affect (or even address) the valid arbitration provisions . . . or change the simple fact that a stay would conserve judicial and client resources." [Dkt. 107 at 1.] Apria also argues that "[t]his case and the Indiana AG lawsuit address different relief and enforcement mechanisms" and as such does not confirm the merits of the claims the Plaintiff brings in this lawsuit.[1] [*Id.*]

As an initial matter, the Court is not persuaded by the Plaintiffs' argument that Apria's Motion for a Partial Stay is a "transparent delay tactic." Defendants often file motions to stay proceedings during the pendency of a motion to dismiss and compel arbitration, and such motions

---

[1] The Court set a deadline of May 6, 2024, for the Plaintiffs to reply to Apria's response. [Dkt. 106.] The Plaintiffs have not filed a reply, and the time to do so has passed.

4

are often granted. *See, e.g.*, *Garage Door Sys., LLC v. Blue Giant Equip. Corp.*, 2024 WL 1621185, at *2 (S.D. Ind. 2024); *Aspen American Ins. Co. v. Blackbaud, Inc.*, 2023 WL 10554740, at *2 (N.D. Ind. 2023); *Ogungemi*, 2023 WL 2139834, at *2. Further, the Court is not persuaded that Apria waited an inordinate amount of time to file its Motion for a Partial Stay. The underlying Motion to Dismiss was timely filed in response to the Plaintiffs' Amended Complaint, and Apria filed the Motion for a Partial Stay on the same day that the Motion to Dismiss became fully briefed. Nothing in the record supports the Plaintiffs' allegation that Apria's Motion for a Partial Stay was filed in a bad faith attempt to derail these proceedings.

Importantly, Apria's Motion to Dismiss raises the threshold issue arbitrability, which is an issue that typically warrants a stay. The Seventh Circuit Court of Appeals has instructed district courts that the "refusal to stay discovery on the merits of the [Plaintiffs'] claims until the issue of arbitrability is resolved puts the cart before the horse." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002). Granting a stay of discovery is important because "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators—indeed, for the sake of economy and in contrast to the practice in adjudication, parties to an arbitration do not conduct discovery; the arbitrators do." *Id.* (collecting sources).

A partial stay of proceedings in this case will simplify the issues and ensure that Apria receives the benefit of its binding arbitration provisions, assuming that it prevails on its Motion to Dismiss. The Plaintiffs have not explained how a partial stay would prejudice the interests of the three Plaintiffs whose claims would continue to proceed, since they are not subject to the Motion to Dismiss or the Motion for a Partial Stay.

Finally, the fact that the Indiana Attorney General has filed a separate lawsuit on behalf of all Hoosiers who may have been affected by the data breach bears little to no weight on Apria's

5

Motion for a Partial Stay in this case. Whether to grant a partial stay depends on the three factors set forth above—*i.e.*, whether a stay will prejudice or tactically disadvantage the parties, simplify the issues in question and streamline the trial, and reduce the burden of litigation on the parties and the Court. *Ogungemi*, 2023 WL 2139834, at *1. The Indiana Attorney General's separate lawsuit is irrelevant to these three factors because it does not disprove the existence of Apria's claim to have binding arbitration agreements with eighteen of the Plaintiffs and it sheds no light on the merits of the pending Motion to Dismiss. Finally, there is little overlap between the Indiana Attorney General's claims against Apria in its lawsuit and the Plaintiffs' claims against Apria here. Thus, the Court is not persuaded that the existence of the separate lawsuit, without more, disfavors a stay in a case such as this where the arbitrability issue typically weighs in favor of a stay.

In sum, Apria's Motion to Dismiss and Compel Arbitration raises the threshold issue of arbitrability, and a partial stay of proceedings is appropriate under these circumstances. The partial stay will not prejudice the Plaintiffs, complicate the issues before the Court, or make the litigation more burdensome. The fact that the Indiana Attorney General has filed its own lawsuit against Apria based on the same data breach at issue in this lawsuit does not weigh against issuing a partial stay. Accordingly, Apria's Motion for a Partial Stay of Proceedings is **GRANTED**.

### IV.  CONCLUSION

As explained above, Apria's Motion for a Partial Stay of Proceedings, [dkt. 97], is **GRANTED**. All discovery and case management deadlines are **STAYED** as to the eighteen Plaintiffs who are subject to Apria's Motion to Dismiss pending the resolution of that motion. Discovery and case management deadlines **SHALL PROCEED** as to the claims brought by Plaintiffs Dottie Nikolich, Sabrina Munoz, and Hilary French. This matter remains set for a Telephonic Status Conference on **July 8, 2024, at 10:30 a.m. (Eastern)**.

**So ORDERED**.

Date: 5/14/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ANTHONY BOYD
28884 Raintree Drive
Menifee, CA 92584