UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA SMITH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 1:23-cv-01003-JPH-KMB |
| | ) |
| APRIA HEALTHCARE LLC, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION TO
DISMISS CLAIMS OF PLAINTIFF ANTHONY BOYD WITHOUT PREJUDICE**

Plaintiff Anthony Boyd sued Defendant Apria Healthcare LLC ("Apria") over its role in a data breach of its systems by an unauthorized party. After Mr. Boyd's counsel withdrew their appearances, the Court ordered Mr. Boyd to show cause why he should be allowed to proceed in this consolidated putative class action *pro se*. Mr. Boyd has not responded to the Show Cause Order, and the time to do so has passed. As explained below, the undersigned recommends that the District Judge declare that Mr. Boyd's claims are **DISMISSED WITHOUT PREJUDICE**.

On June 21, 2023, Mr. Boyd filed a complaint, by counsel, against Apria over its role in a data breach of its systems by an unauthorized party in Case No. 1:23-cv-1085. His complaint was one of fourteen similar complaints that were filed against Apria in this District between June and July 2023. On September 6, 2023, the Court consolidated all fourteen lawsuits into this action and ordered the Plaintiffs to file an amended complaint. [Dkt. 44.] The Amended Complaint was filed on October 23, 2023, and lists twenty-one Plaintiffs seeking to bring claims against Apria on behalf of themselves, a nationwide class, and several state subclasses. [Dkt. 52] Mr. Boyd was not listed as a Plaintiff in the Amended Complaint. [*Id.* at ¶¶ 18-38.]

On January 2, 2024, Mr. Boyd's attorneys filed a Motion to Withdraw their appearances as his counsel of record because they believed they could no longer effectively manage Mr. Boyd's claims. [Dkts. 87, 88.] On January 11, 2024, the Court elicited discussion on this matter during a Telephonic Status Conference and granted the Motion to Withdraw. [Dkt. 91 at 1.] The Court also ordered Mr. Boyd to show cause by January 31, 2024, "why he should be allowed to proceed in this action *pro se* and/or why his interests will not be adequately represented by the other named plaintiffs in this putative class action." [*Id.*] Mr. Boyd has not responded to the Show Cause Order, and the time to do so has passed. Mr. Boyd also has not appeared at status conferences the Court has held since the Show Cause Order.

Federal Rule of Civil Procedure 41(b) authorizes district courts to issue an involuntary dismissal for a plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b). "District courts generally have broad authority to dismiss a case for failure to prosecute, and this includes failure to comply with valid orders." *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020). A dismissal with prejudice for lack of prosecution "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011).

The Seventh Circuit Court of Appeals has identified several factors that are relevant to the district court's decision to dismiss a plaintiff's claims with prejudice for lack of prosecution, including: the frequency of the plaintiff's failure to comply with deadlines, whether the responsibility for mistakes is attributable to the plaintiff or to the plaintiff's lawyer, the effect of the mistakes on the judge's calendar, the prejudice caused to the defendant, the merit of the suit, and the consequences of dismissal for the social objectives that the litigation represents. *Id.*

As set forth above, Mr. Boyd has not responded to the Show Cause Order, and the time to do so has passed. Mr. Boyd also has not appeared at status conferences the Court has held since the Show Cause Order. Nevertheless, the undersigned concludes that a dismissal with prejudice for Mr. Boyd's inaction would not be an appropriate sanction. Mr. Boyd brought his claims against Apria while he was still represented by counsel. His claims were not included in the Amended Complaint, which effectively functioned as a voluntary dismissal of his claims, and his attorneys have since withdrawn their representation of him. Because this case was consolidated shortly after Mr. Boyd filed his complaint, substantial discovery on his claims is unlikely to have taken place. Although Mr. Boyd should have responded to the Court's Show Cause Order as directed, his failure to do so and his apparent abandonment of his status as a named Plaintiff has neither discernibly prejudiced Apria nor has it substantially impacted the Court's calendar or otherwise affected these proceedings. As such, the undersigned recommends that the District Judge declare that Mr. Boyd's claims in this action are dismissed without prejudice.

For the reasons stated above, the Magistrate Judge recommends that the District Judge declare that Mr. Boyd's claims against Apria are **DISMISSED WITHOUT PREJUDICE**. Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P 72(b). The failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The Parties should not anticipate any extension of this deadline or any other related briefing deadlines.

So RECOMMENDED.

Date: 5/14/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

ANTHONY BOYD
28884 Raintree Drive
Menifee, CA 92584

All ECF-registered counsel of record via email