UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE APRIA BREACH LITIGATION | Master File No. 1:23-cv-01003-JPH-KMN |

**JOINT MOTION TO STAY PROCEEDINGS PENDING SETTLEMENT CONFERENCE OR RULING ON MOTION TO DISMISS, WHICHEVER IS LATER**

Come now the Plaintiffs and Defendant Apria Healthcare, LLC ("Apria") (collectively, the "Parties"), by counsel, and move the Court to stay all proceedings and deadlines in this case pending the October 22, 2024, Settlement Conference with the Honorable Magistrate Kellie Barr and pending the Court's ruling on Defendant's Partial Motion to Dismiss Under Federal Rule 12(b)(3) (Dkt. 59, Filed December 13, 2023), whichever is later. In support of this motion, the Parties state as follows:

1. On May 14, 2024, the Court entered an Order Granting Defendant's Motion for Partial Stay of Proceedings (Dkt. 109) ("Partial Stay Order") that stayed the matter for Plaintiffs subject to a pending Motion to Dismiss Under Federal Rule 12(b)(3) (ECF No. 59) ("Arbitration Motion"). In the Arbitration Motion, Defendants ask the Court to dismiss this case for arbitration as to all but three Plaintiffs. In the Partial Stay Order, the Court stayed the matter for all but three Plaintiffs not subject to the pending Arbitration Motion.

2. The Parties engaged in written discovery and document productions.

3. On July 29, 2024, Plaintiffs served a Notice of 30(b)(6) Deposition on Defendant Apria.

4. Per the Partial Stay Order, Apria is only willing to engage in a 30(b)(6) deposition as to the three non-stayed Plaintiffs while the Arbitration Motion is pending that complies with

1

Federal Rules 1, 26, and 30 and includes proposed topics that are within the permissible scope of discovery pursuant to Fed. R. Civ. P. 26(b)(1), that are stated with reasonable particularity, and that are not overly broad, unduly burdensome, unduly expense such that the proposed deposition outweighs its likely benefit, or otherwise objectionable. Apria also has objections to the scope of the 30(b)(6) topics as served in Plaintiffs' July 29, 2024 Notice. Likewise, for efficiency, Plaintiffs do not wish to take a 30(b)(6) deposition solely as to the three non-stayed Plaintiffs only to continue the 30(b)(6) deposition as to the stayed Plaintiffs should the Court deny the Arbitration Motion. Notwithstanding the requested stay, Apria reserves its right to assert objections and to seek relief from the Court regarding Plaintiffs' 30(b)(6) Notice.

5. The Parties have conferred and believe an efficient route forward is to stay this matter until after the upcoming Settlement Conference that is currently scheduled on October 22, 2024 and after the Court resolves the pending Arbitration Motion as to the stayed Plaintiffs, whichever is later. This will prevent multiple potential depositions of Apria should the Court deny the Arbitration Motion and potentially avoid a discovery dispute regarding the 30(b)(6) topics should the parties settle the case at the Settlement Conference.

6. In order to better facilitate the Settlement Conference, and the Parties' efforts to resolve the matter without further litigation and to avoid inefficient litigation, the Parties move the Court to stay all proceedings and deadlines in this matter, including but not limited to Plaintiff's 30(b)(6) Notice.

7. Because this matter is stayed with regard to all but three Plaintiffs, it would be more efficient to stay discovery completely pending the outcome of the October 22, 2024 Settlement Conference rather than engage in piecemeal litigation prior to the Settlement Conference. Additionally, staying discovery completely pending the ruling on the Arbitration Motion would

also conserve the parties' resources, as the outcome of the Arbitration Motion may affect the discovery sought.

8. Good cause exists to support the Court granting this motion because staying proceedings to facilitate settlement negotiations will help to conserve party and judicial resources.

WHEREFORE, the Parties pray that the Court grant this motion, stay the proceedings as requested herein, and award the parties all other appropriate relief.

DATED: September 20, 2024

Respectfully submitted,

<div style="display:flex">
<div>

/s/        Lynn A. Toops
Lynn A. Toops (No. 26386-49)
Amina A. Thomas (No. 34451-49)
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

Gary M. Klinger
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866-252-0878
gklinger@milberg.com

*Plaintiffs' Interim Co-Lead Counsel*

</div>
<div>

/s/ Gregory A. Neibarger
John F. McCauley, No. 20715-12
Gregory A. Neibarger, No. 22095-49
Jessica Laurin Meek, No. 34677-53
Lindsay A. Llewellyn, No. 32670-49
Zechariah Lee Banks, No. 37506-49
DENTONS BINGHAM GREENEBAUM LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
(317) 635-8900
(317) 236-9907 (fax)
john.mccauley@dentons.com
greg.neibarger@dentons.com
jessica.meek@dentons.com
lindsay.llewellyn@dentons.com
zechariah.banks@dentons.com

Colleen Parga, pro hac vice
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower
101 S. 5th Street
Louisville, KY 40202
(502)-587-3790
colleen.parga@dentons.com

Joseph H. Harrison III, No. 35248-53
DENTONS BINGHAM GREENEBAUM LLP

</div>
</div>

3

One Main Street, Suite 600
Evansville, IN  47708
(812) 437-0200
(812) 437-6717 (fax)
joseph.harrison@dentons.com

*Counsel for Defendant,*
*Apria Healthcare LLC*